IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISSA M. MONTANEZ | : | Case No. 4:14-cv-0553 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| MISSOURI BASIN WELL | : | |
| SERVICES | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
April 10, 2015

Before the Court for disposition is Defendant Missouri Basin Well Services'

Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 16).  For the

following reasons, the Defendant's Motion will be granted in part and denied in

part.  Plaintiff is given leave, pursuant to FED.R.CIV.P. 15, to amend the

deficiencies of her Complaint.

## I.    BACKGROUND

On July 7, 2014, Plaintiff Marissa M. Montanez filed an Amended

Complaint against Defendant Missouri Basin Well Services alleging: 1) gender and

national origin discrimination and retaliation in violation of both Title VII of the

Civil Rights Act of 1964 ("Title VII"), 2) age discrimination and retaliation in

violation of the Age Discrimination and Employment Act ("ADEA"), and 3)

1

disability discrimination and retaliation in violation of the Americans with Disability Act ("ADA").  Plaintiff also alleges analogous age, gender, and disability claims under the Pennsylvania Human Relations Act ("PHRA").[1]

Plaintiff is a Puerto Rican female who at the time of the alleged discrimination and retaliation was 44 years of age. (Plaintiff's Amended Complaint, ECF No. 15, hereinafter "Compl." ¶ 21).  She alleges a disability as defined by the ADA. *Id.* ¶ 22.  The claims of discrimination contained within Plaintiff's Amended Complaint arise from her employment by Defendant Missouri Basin Well Services, which began on October 1, 2011. *Id.* ¶ 20.

During the time of her employment, Plaintiff claims Defendant committed various acts of discrimination and retaliation.  Plaintiff avers that, in late November 2011, she wrote to Sarah Boltz, Defendant's Human Resources Manager, complaining that she was being subjected to a hostile work environment due to her gender. Compl. ¶ 27.  Specifically, Plaintiff complained that Sand Coordinator Milton Drake and Office Manager Don Smith were making disparaging remarks about her ability as a female to perform her job working part-time in a male dominated field. *Id.* ¶ 28.  As a result of this complaint to Defendant's Human

---

[1]In accordance with 28 U.S.C. 1367, this Court exercises pendent jurisdiction over Plaintiff's discrimination claims under the PHRA.

Resources Manager, Plaintiff asserts that she endured multiple acts of retaliation.

In one such example, Plaintiff claims that she was denied a transfer to Defendant's Water Transport Division.  This transfer request had been freely given to Defendant's male employees. Compl. ¶ 30-33.  Plaintiff also claims that she expressed interest in a Sand Coordinator position, but was rejected by Office Manager Don Smith. *Id.* ¶ 37.  Mr. Smith later offered this same  position to  non-Puerto Rican male employee, George Sullenberger. *Id.* ¶ 38.

Plaintiff also avers a series of discriminatory acts not related to advancement in the workplace.  Specifically, Plaintiff claims that, in December 2011, she requested paperwork needed for a work-related injury, but the paperwork was "unnecessarily and unreasonably delayed." Compl. ¶ 34-35.  Plaintiff suggests that the delay was the direct result of her internal complaint of discrimination to Defendant's Human Resources Manager. *Id.* ¶ 36.

On January 18, 2012, Plaintiff was dispatched to the "Stubble" well site, but alleges that she was purposely given incorrect travel directions. *Id.* ¶ 39.  As a result of these erroneous directions, Plaintiff was nearly 24 hours late unloading her truck and was subsequently paid for only a portion of the hours on duty. *Id.* ¶ 40-41.  Plaintiff alleges, however, that non-Puerto Rican male employee George Sullenberger had been paid for similar unearned "detention time." *Id.* ¶ 43.

On January 19, 2012, Plaintiff requested what she alleges to be a reasonable accommodation in the form of using snow chains instead of double snow chains. *Id.* ¶ 44-45. Although Plaintiff alleges that the request was made because of lifting restrictions imposed by her disability, Defendant denied the request. *Id.* ¶ 46. Furthermore, on January 22, 2012, Plaintiff was placed on administrative leave because she allegedly falsified timesheets related to the "Stubble" site assignment. *Id.* ¶ 47. As previously stated, Plaintiff alleges that George Sullenberger had collected unearned detention time and was not disciplined. *Id.* ¶ 48. Plaintiff also alleges that, as a result of filing an EEOC charge of discrimination, her immediate supervisor, Vincent Zales, falsely accused her of insubordination. *Id.* ¶ 51.

In July 2012, Plaintiff was given an assignment as a field safety representative due to her disability and worked in that assignment for three (3) weeks before going on medical leave. *Id.* ¶ 52. Plaintiff has since given Defendant five (5) different doctor's notes indicating her ability to return to work without accommodation. *Id.* ¶ 53. Plaintiff has, however, been denied the opportunity to return to work because of "inconsistencies" in her doctor's notes identified by Human Resources Manager Sarah Boltz. *Id.* ¶ 55. Despite indicating that she needed to speak with Plaintiff's doctor to resolve the "inconsistencies," Ms. Boltz had not contacted Plaintiff's doctor as of the filing of the EEOC complaint. *Id.* ¶

4

57.

On July 28, 2014, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint alleging that Plaintiff had both failed to exhaust administrative remedies prior to filing her Complaint as well as having failed to state claims upon which relief can be granted. (ECF No. 16).  The Motion has since been fully briefed and is ripe for disposition.

## II.    DISCUSSION

## A.    MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  At the motion

to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663–664. "In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." Hellmann v. Kercher, No. 07–1373, 2008 WL 1969311 at * 3 (W.D.Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests'." Bell Atlantic Corp. v. Twombly, 550 U.S. at 554 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. See

Hellmann, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual

showing of his entitlement to relief by alleging sufficient facts that, when taken as

true, suggest the required elements of a particular legal theory.  See Twombly, 550

U.S. at 561.  "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not

"shown"—"that the pleader is entitled to relief."  Iqbal, 556 U.S. at 679 (quoting

FED.R.CIV.P. 8(a)).

        The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation

by dispensing with needless discovery and fact-finding."  Neitzke v. Williams, 490

U.S. 319, 326–27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where

there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the

non-moving party can prove no set of facts in support of its allegations, then a

claim must be dismissed "without regard to whether it is based on an outlandish

legal theory or on a close but ultimately unavailing one."  Id. at 327.

B.     ANALYSIS

        1. Failure to Exhaust Administrative Remedies

        As a preliminary matter, Defendant argues that Plaintiff failed to allege, in

her EEOC Charge of Discrimination, that her discrimination was based on race and

similarly failed to plead facts supporting her claim of age discrimination.

Defendant argues that these failures constitute grounds to dismiss the Plaintiff's race and age discrimination claims under FED.R.CIV.P. 12(b)(1) for failure to exhaust administrative remedies.

Concerning the Defendant's argument that Plaintiff failed to allege discrimination based on race in her EEOC Charge of Discrimination, the Court finds that, although Defendant is correct that the charge does not assert discrimination based on race, the Plaintiff's Amended Complaint similarly fails to allege a claim of racial discrimination under Title VII.  The only reference to race in the Complaint concerns a November 2011 internal work-place complaint in which Plaintiff alleged discrimination based on sex and race.  In subsequent formal proceedings before the EEOC and this Court, Plaintiff does not make such an allegation.

The Court further finds that Plaintiff exhausted the EEOC's administrative remedies concerning her claim of age discrimination under the ADEA.  As stated in Defendant's Motion to Dismiss, Plaintiff's EEOC Charge of Discrimination has the box for age discrimination checked and contains typed allegations of an adverse employment decision in favor of a younger employee.  Those allegations, however,  appear to be modified with the word "younger" crossed out throughout the charge.  This modification is also initialed "MM"(the Plaintiff's initials).

Although this would appear to be a retraction of her claims concerning age discrimination, the Court notes that Plaintiff attached a Right to Sue Letter to her Amended Complaint and brought a claim of age discrimination within that same Complaint.

Plaintiff's intentions regarding the EEOC Charge were at best ambiguous. Nevertheless, Defendant employer was on notice of the alleged charges before the EEOC later issued a Right to Sue Letter concerning age discrimination. At the motion to dismiss juncture, the Court interprets the facts most favorably to Plaintiff and finds that she exhausted administrative remedies under the ADEA.

However, the Court does find that Plaintiff failed to allege retaliation in her EEOC Charge of Discrimination based on complaints of age discrimination. Because the EEOC's subsequent Right to Sue Letter similarly omits reference to a claim of retaliation under the ADEA, the Court finds that Plaintiff has failed to exhaust administrative remedies. The Court, therefore, dismisses this retaliation claim for lack of subject matter jurisdiction.

2. Gender and National Origin-Related Employment Discrimination Claims

In Defendant's Motion to Dismiss, Defendant first argues that Plaintiff failed to allege sufficient facts to support her claim of gender and national origin discrimination under both Title VII and the PHRA. To establish a claim for gender

9

or national origin discrimination under Title VII, Plaintiff must allege facts that: 1) she is a member of a protected class; 2) she was qualified for the position; 3) she suffered an adverse job action; and 4) employees who are not members of the protected class were treated differently.  Pierce-Schmader v. Mount Airy Casino and Resort, No. 13-1141, 2014 WL 8106125 at *7 (M.D.Pa. Nov. 20, 2014) (citing Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1066 (3d Cir. 1996)). Concerning Plaintiff's analogous claim of gender discrimination under the PHRA, the Court notes that, pursuant to Third Circuit precedent, both the federal and state claims can be considered under the same analytical framework.  See, e.g., Greenawalt v. Clarion Cnty., 459 Fed.Appx. 165, 168 n. 1 (3d Cir.2012); Vernon v. A & L Motors, 381 Fed.Appx. 164, 166 n. 5 (3d Cir.2010).  The Court will thus treat its analysis of the federal claim as equally applicable to the PHRA claim.

In its Motion to Dismiss, Defendant argues that Plaintiff failed to allege that she suffered an adverse employment  action as a result of her gender or national origin.  An adverse employment action has been defined by the Supreme Court as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (U.S. 1998).  Accepting as true all of the allegations contained

in Plaintiff's Complaint, the Court finds that Plaintiff has alleged facts sufficient to

establish this required element under both Title VII and the PHRA.  Specifically,

the Court finds that Plaintiff alleges that she was denied a division transfer to the

Water Transport Division which had been given to male employees and that she

was similarly denied an occupational transfer to Sands Coordinator later given to a

non-Puerto Rican male co-worker.

Based on these allegations that Defendant failed to transfer and promote

Plaintiff, the Court finds that this disputed element has been satisfied according to

Supreme Court precedent.  Thus, Defendant's motion to dismiss Plaintiff's gender

and national origin claims under Title VII and the PHRA will be denied.

3. Age-Related Employment Discrimination

Defendant also argues for the dismissal of Plaintiff's age discrimination

claims under the ADEA and PHRA for failure to allege sufficient facts.  To

establish an age discrimination claim under both the Age Discrimination in

Employment Act and the Pennsylvania Human Relations Act, Plaintiff must allege

that she: 1) is a member of the protected class, i.e. is forty years of age or older; 2)

was qualified for the position; 3) suffered an adverse employment decision; and 4)

in the case of demotion or discharge, was replaced by a sufficiently younger person

to create an inference of age discrimination or the circumstances of the termination

create an inference of discrimination.  Smith v. City of Allentown, 589 F.3d 684,

689 (3d Cir. 2009) (citing Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370

(3d Cir.2004)).  Concerning Plaintiff's PHRA claim for age discrimination, the

Court again notes that it will be considered under the same analytical framework as

its federal counterpart, i.e. the ADEA.

In its Motion to Dismiss, Defendant argues that Plaintiff failed to allege

necessary elements of age discrimination beyond her membership within a

protected class.  Accepting as true all of the allegations contained in Plaintiff's

Complaint, the Court finds that Plaintiff has indeed failed to allege a required

element of age discrimination under both the ADEA and PHRA.  Specifically, the

Court finds that Plaintiff has failed to set forth a single fact suggesting that she

suffered an adverse employment action as a result of being older than 40 years nor

has alleged that she was demoted or discharged in favor of a younger person.  The

Court further notes that, within her EEOC Charge of Discrimination, Plaintiff had

initially alleged that she was passed over for a promotion in favor of younger

employee.  Plaintiff later seemed to backpedal, however, and crossed out the word

"younger" throughout the EEOC complaint.

In her subsequent Complaint before this Court, Plaintiff omits entirely this

factual averment concerning replacement by a younger worker and similarly fails

to allege any other form of adverse employment action based on age.  Therefore, because of this failure, the Court finds that Plaintiff has failed to adequately plead age discrimination under both the ADEA and PHRA and her claims for both will be dismissed without prejudice.

4. Claim for Retaliation

Defendant next seeks dismissal of Plaintiff's claims for retaliation under Title VII and the ADA.[2]  In the Third Circuit, precedent interpreting anti-retaliation provisions has been found to be equally applicable to the ADA, ADEA, and Title VII.  E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 449 (3d Cir. 2015) (citing Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567-68 (3d Cir. 2002)).  Therefore, to establish illegal retaliation under any of the aforementioned statutes, a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action is required.  Id.  Furthermore, all three statutes' anti-retaliation provisions include both an "opposition clause" and a "participation clause."  Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 274 (2009); Daniels v.

---

[2]As previously discussed, the Court dismisses Plaintiff's claim for retaliation under the ADEA for failure to exhaust administrative remedies.  Therefore, the Court will not include discussion of that claim within this analysis.

School Dist. of Philadelphia, 776 F.3d 181, 193 (3d. Cir. 2015).  The violation of either the "opposition clause" or the "participation clause" is sufficient to establish a prima facie case of retaliation.  Id.

Defendant argues that, because Plaintiff did not oppose an unlawful employment practice, Plaintiff's allegations rest under the "participation clause" of all three statutes.  As defined in Title VII, the participation clause prohibits retaliation because the employee "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing."  Robinson v. Southeastern Pennsylvania Transp. Auth., 982 F.2d 892, 896 n.4 (3d Cir. 1993) (citing Holden v. Owens-Illinois, Inc., 793 F.2d 745, 748-53 (6th Cir. 1986)).  The Court accepts this characterization of Plaintiff's allegations of retaliation by Defendant.

Arguing that Plaintiff's retaliation claims under the "participation clause" should be dismissed, Defendant specifically alleges that Plaintiff has failed to plead a causal connection between a protected employee activity and the adverse employment action.  Accepting as true all of the allegations contained in Plaintiff's Complaint, the Court finds that Plaintiff has plead facts establishing an adverse employment action following, or in retaliation for, a protected employee activity.  First, the Court finds that Plaintiff has failed to allege that the protected employee

activity[3] of filing the EEOC complaint was connected in close temporal proximity to the alleged adverse employment action of denying her return from medical leave.  The Court finds, however, that when faced with such a failure, the analysis to determine a causal connection shifts to the "circumstances as a whole, including any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other evidence suggesting that the employer had retaliatory animus when taking the adverse action."  Daniels v. School Dist. of Philadelphia, 776 F.3d 181, 196 (3d Cir. 2015).

In the case at bar, Plaintiff went on medical leave in July 2012 and subsequently requested to return to work.  She supported this request with five (5) doctor's notes stating her ability to return to work without any accommodations. The final doctor's note was sent to Human Resources Manager Sarah Boltz in December 2012.  Plaintiff avers that, when Ms. Boltz responded in January 2013, she stated that she needed to speak to Plaintiff's doctor to resolve "inconsistencies" in the doctor's notes.  Despite this statement, Plaintiff further avers that, at the time Plaintiff filed a retaliation complaint with the EEOC, Ms. Boltz still had not

---

[3] Within the Third Circuit, a protected employee activity has come to include both formal charges of discrimination against an employer and informal complaints to management of discriminatory employment practices.  Daniels v. School Dist. of Philadelphia, 776 F.3d 181, 193 (3d Cir. 2015); see also Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 276 (2009).

contacted Plaintiff's doctor.

The Court finds additionally that Plaintiff has alleged retaliation resulting from an internal workplace complaint of gender discrimination.  Specifically, as a result of an informal November 2011 complaint to Ms. Boltz, Plaintiff alleges that she was denied both divisional and occupational transfers.  She further alleges that she requested paperwork concerning a workplace injury, but said paperwork was "unnecessarily and unreasonably delayed."  This delay was alleged to be the result of the internal gender discrimination complaint.

Considered as a whole and in a light most favorable to Plaintiff, these allegations constitute sufficient facts to suggest retaliatory animus by the Defendant.  Therefore, because Plaintiff has plead facts supporting a causal connection absent temporal proximity, Defendant's motion to dismiss Plaintiff's retaliation claims under Title VII and the ADA will be denied.

5. Disability-Related Employment Discrimination

Defendant also moves for the dismissal of Plaintiff's claims of disability discrimination under the ADA for failure to allege sufficient facts.   To establish a discrimination claim under the ADA, Plaintiff must show that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by

the employer; and (3) she has suffered an otherwise adverse employment decision

as a result of discrimination.  Yovtcheva v. City of Philadelphia Water Dept., 518

Fed.Appx. 116, 120 (3d Cir. 2013) (quoting Taylor v. Phoenixville Sch. Dist., 184

F.3d 296, 306 (3d Cir.1999)).  Discrimination under the ADA includes failing to

make reasonable accommodations unless such "accommodation would impose an

undue hardship on the operation of the business of the [employer]."  Id. (citing 42

U.S.C. § 12112(b)(5)(A)).  The PHRA is interpreted in accord with the ADA in all

relevant aspects.  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d. Cir. 2002)

(citing Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir.1996)).

In its Motion to Dismiss, Defendant states that Plaintiff did not plead an

appropriate claim for discrimination under the ADA.  Specifically, Defendant

argues Plaintiff did not identify her disability or allege how that disability

substantially limits one or more major life activities nor did she state that she

suffered an adverse employment action because of that disability.

Under the ADA, the term "disability" means "(A) a physical or mental

impairment that substantially limits one or more major life activities of such

individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment."  42 U.S.C. § 12102(1); Toyota Motor Mfg. v. Williams, 534

U.S. 184, 194 (2002).  To determine if an individual is substantially limited in one

17

or more major life activities, the Third Circuit has adopted a two-step inquiry based on EEOC regulations.  <u>Mondzelewski v. Pathmark Stores</u>, 162 F.3d 778, 783-84 (3d. Cir. 1998); <u>see also</u> 29 C.F.R. pt. 1630, app. § 1630.2(j).  A court should first determine whether the individual is substantially limited in any major life activity not related to employment.  <u>Id.</u>  If the court fails to find that the individual is substantially impaired in non-work related activities, then the inquiry shifts to whether the individual is substantially limited in employment-related activities. <u>Id.</u>

The Court finds that Plaintiff here has failed to adequately allege facts indicating that she had a disability.  First, the Court notes that nowhere in Plaintiff's Amended Complaint does she state her specific disability. She instead simply alleges the legal conclusion that she was "disabled."  Furthermore, applying the Third Circuit framework to the Plaintiff's Amended Complaint, the Court finds that Plaintiff has failed to allege that her "disability" substantially limited her performance of a major non-work activity.  Similarly, Plaintiff fails to allege a substantial limitation of her work-place abilities.

In Defendant's Motion to Dismiss, Defendant also alleges that Plaintiff failed to establish an adverse action as a result of her disability.  The Court finds that, although Plaintiff's Amended Complaint fails to allege an adverse action, it does allege that Defendant refused Plaintiff's request for the reasonable

accommodation of using regular instead of double snow chains.  Because discrimination under the ADA encompasses a failure to make reasonable accommodations, the Court finds that Plaintiff has adequately plead this second required element.

Despite the Plaintiff's allegation that Defendant denied her a reasonable accommodation, the Court finds that she failed to adequately allege the first and paramount required showing of a disability.  Because of this failure, Defendant's Motion to Dismiss the ADA and PHRA disability claims will granted.  Plaintiff will be granted leave to amend the cited deficiency of her Complaint.

6. Availability of Punitive Damages

Finally, Defendant seeks the dismissal of Plaintiff's request for punitive damages.  In support thereof, Defendant argues claim by claim why punitive damages are inappropriate.  The Court will discuss the availability of such damages pursuant to each applicable statute.

Under both Title VII and the ADA, a plaintiff may be awarded punitive damages "if [she] demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. 1981a(b)(1); Donlin v. Philips Lighting North America Corp., 581 F.3d 73, 79 n.2 (3d Cir.

2009); Gagliardo v. Connaught Labs, 311 F.3d 565, 573 (3d Cir. 2002).  Analyzed in a light most favorable to Plaintiff, the Court finds that the Amended Complaint fails to allege facts asserting that  Defendant engaged in discriminatory practice with "malice or reckless indifference."

As discussed in Defendant's supporting brief, Plaintiff does not state a claim for punitive damages under the PHRA, nor are such damages allowable under current state law.  Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998).  The Court also notes that Plaintiff's claims of discrimination and retaliation under the ADEA have been dismissed and Plaintiff is thus prevented from recovering punitive damages under that statute.  In sum, Plaintiff has failed to allege facts establishing willful discrimination under any of the federal statutes.  Defendant's motion to dismiss Plaintiff's request for punitive damages is, therefore, granted with leave given to Plaintiff to amend the deficiency of her Complaint.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint will be granted in part and denied in part.  It is granted regarding Plaintiff's claims of disability discrimination under the ADA and PHRA, and similarly granted regarding Plaintiff's claims of discrimination and retaliation under the ADEA.  The Court also finds that Plaintiff has failed to plead facts

sufficient to justify the availability of punitive damages.

Defendant's Motion will be denied regarding Plaintiff's claims of gender and national origin discrimination under Title VII and the PHRA.  The Court also finds that Plaintiff has adequately plead facts supporting retaliation under both Title VII and the ADA, and thus denies Defendant's Motion to Dismiss those actions.

Under FED. R. CIV. P. 15, the Court grants Plaintiff leave to amend the outlined deficiencies of her Complaint.

An appropriate Order follows.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge