## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARISSA M. MONTANEZ**<br>67203 Rhinehart Road<br>Salesville, OH 43778 | NO. 14-00553-MWB |
| | (Judge Brann) |
| *Plaintiff,* | CIVIL ACTION |
| **vs.** | JURY TRIAL DEMANDED |
| **MISSOURI BASIN WELL**<br>**SERVICES**<br>136 Catawissa Avenue<br>Williamsport, PA 17701 | |
| *Defendant.* | |

### SECOND AMENDED COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby files the following Second Amended Complaint against Defendant pursuant to Fed.R.Civ.P. 15(a)(2):

### INTRODUCTION

1.    Plaintiff initiates this action to seek redress against Defendant, her employer, for unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and other applicable law.

## PARTIES

2.    Plaintiff is Marissa Montanez, an adult individual currently residing at the above address.

3.    Defendant, Missouri Basin Well Services is a corporation with a place of business at the above address.

4.    At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5.    Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6.    Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7.   Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9.   The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10.   The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11.    The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12.    Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Middle District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14.    Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action for federal and state employment discrimination.

4

15.   Plaintiff filed timely written charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination (533-2012-00424;  530-2013-00934). *Copies are attached hereto as Exhibit "A" and "B", respectively.*

16.   The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC as required by applicable federal law. *Copies are attached hereto as Exhibit "C" and "D", respectively.*

17.   Plaintiff has exhausted her federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

18.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19.   Plaintiff began working for the Defendant on or about October 1, 2011 after they acquired her former employer, Old West Oilfield Services.

20.   Plaintiff is a Puerto Rican female and at the time of the first act of discrimination she was 44 years of age.

21.   Plaintiff has a disability as defined by the ADA.

22.   Specifically, Plaintiff suffers from a chronic, lifelong neurological disease, which is managed by medication.

23.   As a result of Plaintiff's neurological condition ("multiple sclerosis") she suffers from fatigue, intermittent hand numbness and "tingling."

24.   Plaintiff's disability carried with it, *inter alia*, a heavy lifting restriction.

25.   Plaintiff also filed internal complaints of sex and race discrimination with the Defendant in or around November of 2011.

26.   Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended (Title VII) because of her gender and/or national origin and/or in retaliation for complaining about discrimination and harassment in violation of Title VII.

27.   Defendant has violated Plaintiff's rights under the ADA.

28.   In late November of 2011, Plaintiff wrote to Sarah Boltz, the Defendant's Human Resources Manager, complaining to her that she

was being subjected to a hostile working environment due to her gender by Sand Coordinator Milton Drake and Office Manager Don Smith.

29.   Both Mr. Drake and Mr. Smith were making disparaging remarks about Plaintiff's abilities to perform her truck driving duties because she was a female working part-time in a male dominated occupation.

30.   Since then, Plaintiff was retaliated against for complaining about discrimination.

31.   By way of example, Plaintiff requested a transfer to the Defendant's Water Transport Division.

32.   Plaintiff was not transferred.

33.   Male employees who had requested a transfer, including Kim (last name unknown), had been transferred.

34.   Kim was also referred to as "Kid Rock".

35.   In or around December 2011, Plaintiff requested paperwork needed for a work related injury.

36.   The paperwork was unnecessarily and unreasonably delayed.

37.   It is believed and therefore averred that the paperwork itself was being held up in retaliation for Plaintiff's complaints of discrimination.

38.   On or about December of 2011, Plaintiff applied for, but was not selected, for the position of Sand Coordinator.

39.   Despite being told by Don Smith (Male) that there was no Sand Coordinator position available at the time, Don Smith approached and offered that position to a non-Puerto Rican male employee, George Sullenberger.

40.   On January 18, 2012, Plaintiff was dispatched to the "Stubble" site, but purposely was given wrong and/or incomplete directions.

41.   It wasn't until January 19, 2012 that Plaintiff was finally given accurate directions to the "Stubble" site and able to unload her truck.

42.   Then, despite a delay of nearly 24 hours due to misinformation, Plaintiff was only being credited for being on duty for a portion of the hours that she claimed.

43.   It is believed and therefore averred that time Plaintiff lost for reasons beyond her control is referred to as detention time.

44.    A non-Puerto Rican male employee, George Sullenberger, collected unearned detention time while also being paid as Sand Coordinator yet he suffered no loss of compensation.

45.    On January 19, 2012, Plaintiff requested a reasonable accommodation from her employer.

46.    Specifically, Plaintiff requested to be permitted to use regular snow chains in lieu of double snow chains because of her lifting restrictions related to her disability.

47.    Plaintiff's request was denied.

48.    On or about January 22, 2012, Plaintiff was placed on administrative leave and told that she was no longer allowed to work Schlumberger sites because she allegedly falsified her timesheets with regard to detention time relative to the January 18, 2012 assignment at the "Stubble" site.

49.    Again, George Sullenberger collected unearned detention time while also being paid as Sand Coordinator yet he was not disciplined.

50.    As a result of Plaintiff's EEOC complaint, it is believed and therefore averred that Sarah Boltz, Defendant's Human Resource Manager, had conducted an investigation.

51.   Plaintiff's immediate supervisor was Vince Zales, Regional Field Safety Representative.

52.   In retaliation for her complaint, EEOC charge number 533-2012-00424, Mr. Zales falsely accused Plaintiff of insubordination.

53.   Due to her disability, Plaintiff was given a field safety representative (FSR) in July 2012, worked that job for three ("3") weeks and then went on medical leave.

54.   Plaintiff gave the Defendant five ("5") different doctor's notes, the last of which was dated December 13, 2012 and it stated in effect that Plaintiff no longer needed a reasonable accommodation and that she could perform all essential functions of the job.

55.   Plaintiff has been denied the ability to return to work as a sand driver or field safety representative.

56.   Sarah Boltz sent Plaintiff an e-mail in January 2013 saying she needed to speak to the doctor due to "inconsistencies" in the doctor's notes.

57.   Upon information and belief, it is averred by counsel that Boltz has absolutely no medical training whatsoever.

58.   At the time Plaintiff filed her retaliation complaint with the EEOC, it was believed that Boltz still had not spoken to Plaintiff's doctor.

59.   Due to having filed the above-mentioned complaints, Plaintiff was retaliated against as indicated above, in violation of Title VII of the Civil Rights Act and retaliated against due to her disability in violation of the Americans with Disabilities Act.

## COUNT I
### Title VII – Gender / National Origin Discrimination and Retaliation

60.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

61.   In discriminating against Plaintiff and taking other adverse employment actions against her, the Defendant engaged in unlawful gender discrimination, in violation of Title VII of the Civil Rights Act.

62.   In retaliating against the Plaintiff as a result of engaging in protected activities, the Defendant violated the anti-retaliation provisions of Title VII.

63. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT II
## ADA Violations- Disability Discrimination and Retaliation

64. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

65. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

66. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because she was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

67. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her disability or perceived disability.

68. The foregoing conduct by Defendant constitutes unlawful retaliation against Plaintiff on the basis of her disability or perceived disability.

69. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

**COUNT III**
**Pennsylvania Human Relations Act**
**Discrimination and Retaliation**

70. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

71. The foregoing discrimination and retaliation by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

72. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions as permitted by applicable law;

e. While the Court has dismissed Plaintiff's claim for punitive damages, Plaintiff maintains she is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future. Plaintiff places Defendant on notice that she will seek leave to amend her pleadings to include a claim for punitive damages pursuant to Fed.R.Civ.P. 15(a)(2) if the circumstances so warrant during the course of discovery;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**


/s/ W. Charles Sipio
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: April 24, 2015